UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN S. MILNE,<br><br>                Plaintiff,<br>    v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. 5:17-cv-01042-SHK<br><br>OPINION AND ORDER |

Plaintiff Brian S. Milne ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or the "Agency") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act (the "Act"). Electronic Case Filing Number ("ECF No.") 1, Complaint. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and, pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

# I. BACKGROUND

Plaintiff filed an application for DIB on March 27, 2013, and SSI on April 9, 2013,[1] alleging disability beginning on October 20, 2011. Tr. 227-57. Following a denial of benefits, Plaintiff requested a hearing before an ALJ and, on October 27, 2015, ALJ Troy Silva determined that Plaintiff was not disabled. Tr. 15-31. Plaintiff sought review of the ALJ's decision with the Appeals Council, however, review was denied on March 24, 2017. Tr. 3-6. This appeal followed.

# II. STANDARD OF REVIEW

This Court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196)); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, [the

---

[1] Plaintiff submitted his SSI application electronically on April 9, 2013, and by mail on April 1, 2013. Transcript ("Tr.") 229-57 (a certified copy of the Administrative Record was filed on September 7, 2017. ECF No. 19. Citations to the Administrative Record will be made to the Transcript page number, rather than to the ECF page number). Also, Plaintiff alleges that he applied for SSI on April 9, 2013. ECF No. 20, Memorandum in Support of Plaintiff's Complaint ("Plaintiff's Memo") at 3. The Court adopts April 9, 2013, as Plaintiff's SSI application date because that is the date Plaintiff alleges to have applied, and indeed did apply electronically.

Court] may not engage in second-guessing." (citation omitted)). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(a), 416.920(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps."

3

Tackett, 180 F.3d at 1098; 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

> Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [DIB or SSI]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).[2]
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [DIB or SSI]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [DIB or SSI]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [DIB or SSI]. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four

---

[2] The Court has also considered the parallel regulations set forth in 20 C.F.R. § 416.920 et seq., when analyzing the ALJ's denial of Plaintiff's SSI application.

4

and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

      Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [DIB or SSI]. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2 [("the Listings")]. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB or SSI]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [DIB or SSI]. See id.

Id. at 1098-99.

### B.     Summary Of ALJ And Agency's Findings

The ALJ determined that "[Plaintiff] meets the insured status requirements of the . . . Act through December 31, 2012." Tr. 20. The ALJ then found at step one, that "[Plaintiff] has not engaged in [SGA] since October 20, 2011, the alleged onset date (20 C.F.R. 404.1571 et seq. and 416.971 et seq.)." Id.

At step two, the ALJ found that "[Plaintiff] has the following severe impairments: cirrhosis, hepatitis C, malignant skin melanoma (x2) with excision (20 CFR 404.1520(c) and 416.920(c))." Id.

At step three, the ALJ found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in [the Listings]." Id.

5

In preparation for step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He is able to lift and/or carry 20 pounds occasionally, and 10 pounds frequently. Stand and/or walk for four hours in an eight-hour workday for one hour at a time, and then would need to sit for 30 minutes before standing and walking again without having to leave [a] work station. He could sit for six hours in an eight-hour workday, all with normal breaks. Pushing and pulling would be unlimited except for the weight limitations described for lifting and carrying. He could occasionally climb ramps or stairs, but he could not climb ladders, ropes or scaffolds. He could frequently balance, stoop, kneel, crouch and crawl. He would need to avoid all sun exposure. He could not have concentrated exposure to cold and heat. He would need to avoid moderate exposure to smoke, gases and fumes.

Tr. 21.

At step four, the ALJ found that "[Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965)." Tr. 25.

At step five, the ALJ found that "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a))." Tr. 26. Specifically, the ALJ found that Plaintiff could perform the "light, unskilled" occupations of "Fund raiser II," as defined in the dictionary of occupational titles ("DOT") at DOT 2933.57-014, "Survey worker, DOT 205.367-054," and "Information clerk, DOT 237.367-018." Tr. 26-27. The ALJ based his decision that Plaintiff could perform the aforementioned occupations "on the testimony of the [VE]" from the administrative hearing, after

6

"determin[ing] that the [VE's] testimony [wa]s consistent with the information contained in the [DOT]." Tr. 27.

After finding that "[Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" at step five, the ALJ concluded that "[a] finding of not disabled is . . . appropriate under the framework of the above-cited rules." Id. (internal quotation marks omitted). The ALJ, therefore, found that "[Plaintiff] has not been under a disability, as defined in the . . . Act, from October 20, 2011, through [October 27, 2015], the date of th[e] decision (20 CFR 404.1520(g) and 416.920(g))." Id.

### C. Summary Of Plaintiff's Argument

In this appeal, Plaintiff raises only one issue, whether the ALJ erred by "accept[ing] testimony from [a VE] whose testimony conflicted with the DOT and did not provide a reasonable explanation." ECF No. 20, Plaintiff's Memo at 8. Specifically, Plaintiff argues that the limitation from the ALJ's RFC assessment—that Plaintiff could stand and/or walk for only one hour at a time for a total four hours per day, with thirty-minute sitting intervals between each hour of standing—is inconsistent with the definition of light work in Social Security Ruling ("SSR") 83-10 that requires "standing and walking for a total of approximately 6 hours in an 8-hour workday." Id. (citations omitted). Plaintiff argues that "[t]he ability to stand and walk for no more than four hours in an 8-hour day does not allow for the performance of fundraiser II, survey worker, and information clerk[,]" which are all light duty jobs that consequently require more standing and walking than his RFC allows. Id. at 9.

Plaintiff asserts that "[f]urther evidence of this conflict is in the description of each occupation" that the ALJ found he could perform, and that "a reasonable person would conclude that th[ese] occupation[s] require[] more standing/walking than the four-hour maximum allowed by the ALJ." Id. at 9, 11.

Specifically, Plaintiff notes that the DOT defines the job duties of a Fund raiser II as:

> Contacts individuals and firms to solicit donations for charity or other causes: Confers with supervisor, or reads potential donor list, to determine which individuals or firms to approach. Contacts individuals and firms by telephone, in person, or by mail to solicit funds or gifts-in-kind. Takes pledges for amounts or gifts-in-kind to be contributed, or accepts immediate cash payments.

Id. at 9-10 (quoting DOT 293.357-014). Plaintiff argues that "[t]he fact that a person has to contact and solicit potential donors in person as a primary job function would exceed the four-hour standing/walking limitation assessed by the ALJ." Id. at 10.

Next, Plaintiff notes that the DOT defines the job duties of a Survey worker as:

> Interviews people and compiles statistical information on topics, such as public issues or consumer buying habits: Contacts people at home or places of business, or approaches persons at random on street, or contacts them by telephone, following specified sampling procedures. Asks questions following specified outline on questionnaire and records answers. Reviews, classifies, and sorts questionnaires following specified procedures and criteria. May participate in federal, state, or local population survey known as Census Enumerator (government ser.).

Id. (quoting DOT 502.367-054). Plaintiff argues that "having to contact people at home or place of business or approach persons at random street[s] exceeds the four-hour standing walking limitation assessed by the ALJ. Especially if this is their primary job function in an 8-hour workday." Id.

Finally, Plaintiff notes that the DOT defines the job duties of an Information clerk as:

> Provides travel information for bus or train patrons: Answers inquiries regarding departures, arrivals, stops, and destinations of scheduled buses or trains. Describes routes, services, and accommodations available. Furnishes patrons with timetables and travel literature. Computes and quotes rates for interline trips, group tours, and special discounts for children and military personnel, using rate tables.

Id. at 10-11 (quoting DOT 237.367-018). Plaintiff contends that "on its face, a reasonable person would conclude that this occupation requires more standing/walking than the four-hour maximum allowed by the ALJ." Id. at 11.

Plaintiff concludes by arguing that "the ALJ knew there was a potential conflict because he specifically asked the [VE] if her testimony was consistent with the DOT despite the limitation of standing and/or walking of maximum for four hours." Id.

### D. Defendant's Response To Plaintiff's Argument

Defendant responds to Plaintiff's challenge with two arguments. ECF No. 21, Defendant's Memorandum in Support of Answer ("Defendant's Memo") at 1-2. First, Defendant argues that Plaintiff waived this issue by not addressing it at the administrative hearing before the ALJ where Plaintiff was represented by counsel, or in his request for review by the Appeals Council. Id. at 1 (citing Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999)).

Second, Defendant argues that "any error in finding Plaintiff capable of the light-work jobs was harmless" because in addition to identifying light-work jobs that someone with Plaintiff's functional limitations could perform, "[t]he [VE] also identified sedentary jobs that someone with Plaintiff's . . . [limitations] could do." Id. at 1-2. The Court begins by addressing Defendant's first argument.

///

### E. Waiver Does Not Apply Here.

Because of more recent Ninth Circuit cases on this issue, Defendant's waiver argument is not persuasive. Defendant relies on the Ninth Circuit's holding in Meanel, that claimants, who are represented by counsel, must raise all issues and evidence at their administrative hearings in order to preserve them on appeal. See Meanel, 172 F.3d at 1115 ("'We now hold that, at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal.'" (additional citations omitted)). However, the finding in Meanel was called into question in Sims v. Apfel, 530 U.S. 103, 112 (2000), and the waiver issue remained unsettled until recently when the Ninth Circuit provided guidance on the issue in Lamear v. Berryhill, 865 F.3d 1201, 1206 (9th Cir. 2017) and Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017).

In Sims, the Supreme Court held that, in Social Security cases, a "judicially created issue-exhaustion requirement is inappropriate." 530 U.S. at 112. The Court added that "[t]he Council, not the claimant, has primary responsibility for identifying and developing the issues" and "[c]laimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues." Id. (emphasis added).

As a result of the apparent conflict that Sims created with Meanel, courts throughout this District have routinely found that a claimant does not waive a claim for purposes of district court review by failing to raise it at the administrative hearing, even if the claimant is represented by counsel. See e.g., Juarez v. Berryhill, No. EDCV 17-01579-KK, 2018 WL 1577717, at *4 (C.D. Cal. March 28, 2018) (rejecting the Commissioner's argument that the "[p]laintiff waived the issue of DOT inconsistency by failing to raise it at the administrative hearing at which she was represented by counsel[,]" because the Supreme Court in Sims "called into

question" the Ninth Circuit's earlier finding in Meanel); Kilgore v. Berryhill, No. EDCV 17-00249-AFM, 2018 WL 1441171, at *7 (C.D. Cal. March 22, 2018) (rejecting the Commissioner's argument that the plaintiff waived an issue by not raising it at the administrative hearing because under Sims, "[t]he law precluding judicial review based upon a claimant's failure to present an issue to the ALJ is not clearly settled"); Kim v. Berryhill, No. CV 17-3391-KK, 2018 WL 626206, at *7 (C.D. Cal. January 30, 2018) (rejecting the Commissioner's argument that the plaintiff waived an issue by not raising it at the administrative hearing where she was represented by counsel because Sims called into question the holding in Meanel); Norris v. Colvin, No. EDCV 12-1687-RNB, 2013 WL 5379507, at *2-3 (C.D. Cal. September 25, 2013) (same).

The Ninth Circuit, however, recently provided guidance on the waiver issue by noting that "[i]n Meanel, the claimant's counsel did not present statistical evidence to the ALJ and Appeals Council, and we held that claimants who are represented by counsel 'must raise all issues and evidence at their administrative hearings . . . to preserve them on appeal.'" Lamear, 865 F.3d at 1206 (quoting Meanel, 172 F.3d at 1115). The court then distinguished the plaintiff in Lamear from the plaintiff in Meanel by noting that "[u]nlike the claimant in Meanel, [the claimant in] Lamear raised this issue to the Appeals Council." Id. The court added that:

> more importantly, our law is clear that a counsel's failure does not relieve the ALJ of his express duty to reconcile apparent conflicts through questioning: "When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required [under SSR 00-4P] to reconcile the inconsistency."

11

Id. (citations omitted). The Ninth Circuit ultimately remanded the case back to the Administration on this issue, in order "to permit the ALJ to follow up with the VE[,]" after finding that "[t]hat inquiry did not happen here." Id. at 1207.

Three weeks after issuing its opinion in Lamear, the Ninth Circuit again addressed the conflict between Meanel and Sims by noting that "Sims concerned only whether a claimant must present all relevant issues to the Appeals Council to preserve them for judicial review" because the Supreme Court in Sims "specifically noted that '[w]hether a claimant must exhaust issues before the ALJ is not before us.'" Shaibi, 883 F.3d at 1109 (quoting Sims, 530 U.S. at 112) (emphasis in the original) (citations omitted). The Ninth Circuit in Shaibi held that Meanel "remains binding on this court with respect to proceedings before an ALJ" and "compels our finding today" "that when a claimant fails entirely to challenge a [VE's] job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel." Id. (emphasis added) (citations omitted).

The court went on to narrow the applicability of Meanel to situations where a plaintiff, who was represented by counsel before the Administration, alleges for the first time in federal court, conflicts between the number of jobs that the VE opines are available at the hearing, and the number of jobs that are purportedly available under the County Business Patterns ("CBP"), or the Occupational Outlook Handbook ("OOH"). See Shaibi, 883 F.3d at 1109 (noting that "[s]pecifically, our holding encompasses challenges based on an alleged conflict with alternative job numbers gleaned from the CBP or the OOH." (internal footnote omitted)). Shaibi reiterated that "an ALJ is required to investigate and resolve any apparent conflict between the VE's testimony and the DOT, regardless of whether a claimant raises the conflict before the agency." Id. (citing SSR 00-4P; Lamear, 865 F.3d at 1206-07; Massachi v. Astrue, 486 F.3d 1149, 1152-54 (9th Cir. 2007)).

This more recent interpretation of <u>Meanel</u> has already been applied in this District and guides the Court's conclusion here. See <u>Skinner v. Berryhill</u>, No. CV 17-3795-PLA, 2018 WL 1631275, at *9 n.9 (C.D. Cal. April 2, 2018) (finding that "the holding of <u>Shaibi</u> d[id] not apply" because the plaintiff in <u>Skinner</u> was "not specifically challenging the VE's job numbers based on alternative sources for those numbers, but is instead challenging the availability of the occupation itself.").

Similarly, because Plaintiff is not alleging a conflict between the number of jobs that the VE testified were available and alternative job numbers gleaned from the CBP or the OOH, Plaintiff did not waive the issue here. Consequently, the Court proceeds to the merits of Defendant's second argument.

### F. <u>VE's Opinion Regarding Sedentary Work</u>

Next, the Court considers Defendant's second argument that any error the ALJ made in finding that Plaintiff could perform light duty work was harmless because the VE also identified sedentary jobs that someone with Plaintiff's limitations could perform. The Court disagrees with Defendant for two reasons.

First, the VE, and not the ALJ, opined that a hypothetical person with the same limitations as those held by Plaintiff, but with the additional limitation that the hypothetical person could lift only up to ten pounds occasionally, and less than ten pounds frequently, could perform work at the sedentary level that exists in the national economy.[3] Tr. 73. Critically, however, the ALJ did not adopt the VE's aforementioned finding in his decision. Thus, the Court declines to affirm the ALJ's decision on a ground the ALJ did not invoke in making his decision. See <u>Stout</u>, 454 F.3d at 1054 (the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision" (citation omitted)).

---

[3] The VE opined that the hypothetical person could perform the work of a: (1) Change Account Clerk, DOT 205.367-014, with 22,700 jobs nationally available; (2) Telephone Quotation Clerk, DOT 237.367-018, with 74,800 jobs nationally available; and (3) Call-Out Operator, DOT 237.367-014, with 13,800 jobs nationally available. Tr. 73.

13

Second, on the record before the Court, it is not clear that Plaintiff could actually perform the sedentary work identified by the VE.  Although the VE did opine that a hypothetical person with limitations exceeding those held by Plaintiff could perform sedentary work that exists in the national economy, when asked by the ALJ if "[Plaintiff would] have acquired any skills in his past work that would transfer to jobs within the [RFC] described in [this] [h]ypothetical[,]" the VE replied "no."  Tr. 73-74.  Thus, because the VE opined that Plaintiff's past relevant work would not have equipped Plaintiff with the skills necessary to perform the sedentary jobs identified by the VE, the Court declines to find sua sponte that Plaintiff could perform such sedentary work.

### G. ALJ Failed To Clarify Ambiguities Between DOT And VE's Testimony.

Here, as discussed above, the ALJ determined, in pertinent part, that Plaintiff could perform light work with the additional limitations that he could "stand and/or walk for four hours in an eight-hour workday for one hour at a time, and then would need to sit for 30 minutes before standing and walking again . . . ."  Tr. 21.  The VE opined that someone with this set of limitations could perform the three light, unskilled occupations of Fund raiser II, DOT 2933.57-014; Survey worker, DOT 205.367-054; and Information clerk, DOT 237.367-018.  Tr. 72.  The ALJ asked the VE if her "testimony [is] consistent with the information in the DOT[,]" to which the VE responded "[y]es."  Tr. 72-73.  The ALJ then asked the VE if this was true "even with the standing and walking for four hours in an eight-hour workday for one hour at a time, a person could do those jobs?  Is that right[,]" to which the VE responded "that is correct."  Tr. 73.  The ALJ neither elicited, nor received any further explanation from the VE regarding the conflict.

"In determining whether appropriate jobs exist for the claimant, the ALJ generally will refer to the [DOT]."  Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997) (citation omitted).  "[T]he ALJ, however, 'may rely on expert

14

testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation.'" Id. (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)). "When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit <u>a reasonable explanation</u> for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." SSR 00–4p (emphasis added). An "ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence." Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015) (citation omitted).

In this case, a conflict exists between the amount of standing and walking potentially required by the three light duty jobs identified by the VE, and the amount of standing and walking that the ALJ found Plaintiff could perform in the RFC. See SSR 83-10 (light work requires "standing and walking for a total of approximately 6 hours in an 8-hour workday."). It appears that the ALJ recognized this conflict, because the ALJ asked the VE if someone who could only stand and walk for four hours could do the three light duty jobs identified by the VE.

However, the ALJ failed to "elicit a reasonable explanation" for this conflict as SSR 00-4P requires. SSR 00-4P. As noted above, the VE responded to the ALJ's questions about the conflict by stating "yes" and "that is correct[,]" but provided no explanation to support his opinion that someone with Plaintiff's physical limitations could perform these representative occupations. The ALJ's failure to resolve this conflict between the VE's testimony and the DOT constitutes error and precludes the Court from concluding that the Commissioner's decision is supported by substantial evidence. Light, 119 F.3d at 793. Accordingly, the Court finds that remand for further proceedings to resolve this conflict is necessary.

/ / /

## IV. CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that judgment be entered **REVERSING** the Commissioner's decision and **REMANDING** this action back to the Agency for further administrative proceedings consistent with this Order. See Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." (citation and internal quotation marks omitted)). The Clerk of Court is directed to serve copies of this Order on counsel for both parties.

IT IS SO ORDERED.

DATED: 6/27/2018

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge